Case 1:22-cr-00029-CRC   Document

Case: 1:21-mj-00693
Assigned To : Harvey, G. Michael
Assign. Date : 12/17/2021
Description: COMPLAINT W/ ARREST WARRANT

## STATEMENT OF FACTS

Your affiant, Jonathan C. Boller, is a Special Agent with the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF"). I am currently assigned to the ATF Washington Field Division NIBIN Investigations Unit ("NIU"), a joint taskforce comprised of ATF Special Agents and Detectives from the Metropolitan Police Department for the District of Columbia (MPD). I have been a Special Agent with ATF since August 2016. Prior to being hired by ATF, I served as a law enforcement officer in various capacities since 2007. As a Special Agent with ATF, I am authorized to investigate violations of the laws of the United States, and I have been involved with numerous criminal investigations involving violations of federal law. I am a law enforcement officer with authority to execute arrest and search warrants under the authority of the United States. See 18 U.S.C. § 3051.

The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents, witnesses and agencies. All observations not personally made by me were relayed to me by the individuals who made them or are based on my review of reports, documents, and other physical evidence obtained during the course of this investigation. This affidavit is intended to show only that there is sufficient probable cause for the issuance of a criminal complaint and arrest warrant charging MUSSAY REZEINE with possession of a firearm by a prohibited person, in violation of 18 U.S.C. § 922(g)(1), and possession of ammunition by a prohibited person, in violation of 18 U.S.C. § 922(g)(1).

## **PROBABLE CAUSE**

On October 2, 2021, at approximately 4:33 P.M., Montgomery County Police officers responded to the Cash Depot store located at 7900 Georgia Avenue in Silver Spring, Maryland 20910 for reports of gunfire. This location is approximately 120 feet from Eastern Avenue Northwest, the border of Washington, D.C. Responding officers located Mussay Rezeine, hereinafter REZEINE, in front of the Exclusive Blendz barbershop located at 7896 Georgia Avenue in Silver Spring, Maryland, which is directly adjacent to the Cash Depot store. REZEINE was being treated for a gunshot wound to his left hand and left leg. Officers rendered first aid, and REZEINE was transported to Washington Hospital Center in Washington, D.C. for additional medical treatment. It was also determined that a second individual, SUBJECT 2, was dropped off at Washington Hospital Center with a gunshot wound to the neck and back. SUBJECT 2 was seen on hospital surveillance footage being dropped off in a black Audi sedan.

Witnesses to the shooting who called 911 stated that a black four door sedan stopped at the intersection of Georgia Avenue and Eastern Avenue in Silver Spring, Maryland, and several subjects exited the vehicle and began firing guns towards the Cash Depot. Numerous witnesses stated that three suspects were dressed in dark clothing, ski masks, and were shooting handguns and a rifle. Evidence technicians processing the crime scene recovered twenty five 7.62 x 39 spent rifle cartridge casings, and eighteen .40 caliber spent cartridge casings, along with multiple projectiles and bullet fragments. Montgomery County Detectives obtained video surveillance that shows the suspect vehicle to be a black Audi sedan with unknown registration tags.

After the shooting, District of Columbia police officers located a blood trail beginning in

1

the middle of the street on Eastern Avenue, Northwest, near the intersection with Georgia Avenue, and extending onto the sidewalk in front of 7828 Eastern Avenue, Northwest. Located in the path of the blood trail near a parked car, on the Washington, D.C. side of Eastern Avenue, was a privately made firearm (hereinafter "PMF"), also commonly referred to as a "ghost gun." A "Privately Made Firearm" is defined as a firearm, including a frame or receiver, assembled or otherwise produced by a person other than a licensed manufacturer, and without a serial number or other identifying markings placed by a licensed manufacturer at the time the firearm was produced. The slide of the recovered PMF was a Glock 31 .357 SIG caliber with a Polymer 80 (manufacturer) PF940V2 (the specific model) frame. During the investigation, Detectives attempted to interview REZEINE, who was very uncooperative and gave a false name to the hospital staff, claiming that his name was "Moses Cunningham."

On May 13, 2013, REZEINE was arrested in the District of Columbia and provided the name "Moses Rayzen" to police at arrest. Additionally, your affiant is aware that "Musa" is an Arabic language name synonymous with "Moses" in the English language, and that "Mussay" is the Amharic translation of the same name. An intel officer with the Metropolitan Police Department, who has previously investigated REZEINE and has had multiple personal interactions with him, reviewed an image of REZEINE from the surveillance footage from the October 2, 2021 shooting and positively identified him as MUSSAY REZEINE.

SUBJECT 2 was interviewed at Washington Hospital Center and stated that he was shot near the historic Walter Reed Hospital on 16th Street in Northwest, Washington, D.C., yet also claimed he was walking on Georgia Avenue southbound towards Washington, D.C. after the shooting. No shooting was ever reported to police at or near Walter Reed Hospital. SUBJECT 2 stated that he was shot in the neck and back, fell to the ground, and that someone picked him up and put him in the back seat of a four-door vehicle. SUBJECT 2 stated that the male driver of the vehicle put him in the car and was wearing a mask.

Your affiant is aware that REZEINE and SUBJECT 2 are in rival street crews. SUBJECT 2 has been identified by law enforcement as a member of the "Kennedy Street" or "KDY" crew. Law enforcement is also aware that KDY appears to be in the midst of a violent conflict with REZEINE and other individuals associated with REZEINE's crew. This rivalry may have been motive for the shooting. Since SUBJECT 2 was transported to Washington Hospital Center and dropped off in a black Audi sedan, and a black Audi sedan was involved in the shooting, your affiant believes that SUBJECT 2 may have participated in the shooting on Georgia Avenue.

NIU members subsequently gathered closed circuit television (CCTV) surveillance footage of the shooting from various locations within Montgomery County and the District of Columbia. Specifically, NIU members traveled to the Cash Depot at 7900 Georgia Ave in Silver Spring, Maryland, to view the surveillance footage from the shooting. On the video obtained from this business, REZEINE is seen entering the location wearing a gray zip-up Nike hooded sweatshirt with a black zipper on the upper left arm. CCTV from the location showed REZEINE exit the location before the reported shooting. See Figure 1.



*Figure 1*

    Investigators also obtained surveillance footage from the La Fonda Restaurant at 7914 Georgia Avenue in Silver Spring, Maryland. This restaurant is located a few doors north of the Cash Depot. The footage shows that on October 2, 2021 at approximately 16:30hrs, patrons in front of the restaurant reacted to something off camera, and began taking cover and crouching low to shield themselves. The patrons are then seen running inside of the restaurant after looking in the southbound direction of Georgia Avenue. Moments later, the footage shows REZEINE running in the northbound direction of Georgia Avenue towards the entrance of the restaurant door. REZEINE attempts to enter the restaurant, then doubles back and begins running southbound on Georgia Avenue towards Eastern Avenue and the District of Columbia border. While REZEINE is running, he is observed holding the front waistband area of his pants. See Figure 2 below. REZEINE is wearing the same gray zip-up Nike hooded sweatshirt with the black zipper that is visible in Figure 1.



*Figure 2*

    Your affiant knows from training and experience that individuals who are concealing a pistol in their front waistband, a concealment position also commonly referred to as an "appendix carry" position, often place a hand on the firearm to hold it in place before they begin running. This movement is often necessary to ensure a pistol carried in the front waistband, without the benefit of a retention holster, does not fall out when running. REZEINE's movement is consistent with the above described pattern of behavior or movements.

Surveillance video footage was also obtained from the Target department store located at 7828 Georgia Avenue, Northwest, in Washington, D.C. On October 2, 2021 at approximately 4:30 P.M., REZEINE is observed turning right onto Eastern Avenue and then running in the middle of Eastern Avenue and crossing the street onto the District Columbia side of the sidewalk. The time in which REZEINE is visible on this recording occurs immediately after REZEINE was seen on the La Fonda Restaurant video running southbound on Georgia avenue to the corner of Eastern Avenue. Your affiant notes that by crossing the border between the State of Maryland and the District of Columbia, the firearm and ammunition within the firearm possessed by REZEINE has now moved in interstate commerce and entered the District of Columbia. The video then shows REZEINE stopping on the side of a parked car that was located on Eastern Avenue, Northwest, in front of the Target. REZEINE can be seen pausing next to the parked car between the times of 16:31:30-16:31:40hrs. The firearm described above was subsequently found at this precise location by MPD officers, and was then recovered by Montgomery County police. REZEINE is then seen continuing on the District of Columbia side of Eastern Avenue, away from Georgia Avenue, while passing a driveway in front of 7828 Eastern Avenue Northwest. REZEINE then turns around and runs back in the direction of the original crime scene.

NIU Detective O'Bannon subsequently viewed body worn camera (BWC) associated with the location of the recovered firearm. After reviewing the BWC, Detective O'Bannon was able to confirm that the location where REZEINE was seen on the side of Target is the location of the recovered firearm. Investigators observed that the recovered firearm had blood on the handle and extended magazine. The below images were taken by the Montgomery County Police Department documenting the firearm's condition prior to being collected as evidence. Subsequent examination of the firearm showed that it was loaded with one round in the chamber and twenty-two live rounds of Speer .357 SIG ammunition in the magazine. See Figures 3, 4, 5, and 6 below. There is no evidence at this time to suggest that the recovered firearm was discharged at the scene of this shooting. Speer .357 SIG ammunition is not manufactured in Washington, D.C., and thus traveled in and affected interstate commerce.



*Figure 3*



*Figure 4*     *Figure 5*



*Figure 6*

Your affiant notes that all the above images were taken at the crime scene within a short time of each other, however Figures 3 and 4 utilize settings and lighting conditions that cause the blood on the magazine to be visible, but slightly alter the appearance of the colors of the items visible in the image. Specifically, your affiant notes that the surface on which the firearm rests is the blacktop of the street, which appears slightly brown despite being black. Your affiant notes the same effect causes the frame of the firearm to appear brown as well, despite its actual color being black.

Your affiant requests particular attention be paid to the grey device attached to the rear of the slide on the firearm. Figure 7 below is a cropped version of Figure 6, with the device highlighted with a green box.

6



Upon taking custody of the above firearm your affiant recognized that the firearm had been intentionally altered. Your affiant knows from training and experience that the device attached to this firearm is consistent in appearance with a machine gun conversion device. Your affiant subsequently hand delivered the above firearm to the ATF Firearms Technology Criminal Branch and requested an examination by a Firearms Enforcement Officer (FEO). ATF Firearms Enforcement Officers provide technical expertise in the field of firearms to federal, state, and local law enforcement agencies. Subsequent examination of the above firearm by an ATF FEO determined that the pistol described above meets the legal definition of a machinegun as defined in 26 U.S.C. 5845(1)(6), and as such is required to be marked with a serial number. The recovered machine gun does not have a serial number, and thus excludes the possibility of this machinegun being properly registered in the National Firearms Registration and Transfer Record (the central registry of all firearms regulated under the National Firearms Act, such as machineguns). Thus the machinegun could not have been legally possessed. During the examination and testing of the firearm, the FEO observed the above-mentioned firearm functioning as a machinegun, that is automatically shooting more than one shot, without manual reloading, by a single function of the trigger.

NIU Detective O'Bannon also reviewed CCTV from Target along with the BWC of the Police Officer who recovered the above firearm. Detective O'Bannon saw no other person at the location of the firearm from the time REZEINE was seen next to the parked vehicle until the firearm was discovered by law enforcement at approximately 4:50 P.M.

REZEINE is a convicted felon and is not allowed to possess or have access to firearms. REZEINE has had multiple encounters with law enforcement in reference to firearms offenses. In 2015, REZEINE was found guilty of carrying a pistol without a license by a District of Columbia Jury and sentenced to 12 months of incarceration in Superior Court case number 2015 CF2 011231. In August of 2021, REZEINE was charged in Prince George's County on a ten (10) count indictment containing drug and gun charges (Case #CT210891X). REZEINE was released on bond and was ordered not to possess firearms or ammunition. In the first week of December 2021, REZEINE's bond for the Prince George's County indictment was revoked based on his arrest for Armed Robbery, Aggravated Assault, and Possession of a Firearm in Atlanta, Georgia, while on pretrial release.

On November 10, 2021, your affiant obtained a search warrant to use a buccal swab that had been collected from REZEINE during a prior investigation for comparison in this case. On December 7, 2021, your affiant submitted a swab of the blood located on the magazine of the firearm recovered on October 2, 2021, as well as the defendant's buccal swab, to DNA Labs International, a private forensics laboratory that conducts DNA analysis. Your affiant requested DNA analysis on the swab of the blood taken from the magazine of the firearm and the defendant's buccal swab. On December 15, 2021, your affiant received a report from DNA International stating the results of their analysis as follows: the swab of the magazine was confirmed to contain blood, and the DNA profile obtained from this swab indicated one male contributor. Based on comparison to the buccal swab obtained from Mussay Rezeine, the forensic analyst concluded that Mussay Rezeine cannot be excluded as a contributor to this DNA profile. The chance that an unrelated person, chosen at random from the general population, would be included as a contributor to this DNA profile is approximately 1 in every 1.3 octillion individuals.

Based on the foregoing facts, I believe there is probable cause to conclude that, on October 2, 2021 in the District of Columbia REZEINE was in possession of a firearm in violation of 18 U.S.C. §922(g)(1).  In addition, I believe there is probable cause to conclude that on October 2, 2021, in the District of Columbia, REZEINE was in possession of ammunition, a second violation of 18 U.S.C. §922(g)(1).

*Jonathan Boller*

_____
SPECIAL AGENT JONATHAN C. BOLLER
BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES

Affidavit submitted by email and attested to me as true and accurate by telephone consistent with Fed. R. Crim. P. 4.1 and 41(d)(3) this ___17___ day of December, 2021.

_____
Hon.  G. Michael Harvey
United States Magistrate Judge